IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE THOMAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-447-L** |
| | § | |
| **OCWEN LOAN SERVICING, LLC** | § | |
| **and U.S. BANK NATIONAL** | § | |
| **ASSOCIATION,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Final Summary Judgment, which was deemed filed on November 20, 2012, pursuant to an order entered by the court on November 13, 2012. No response to the motion was filed by Plaintiffs. After careful consideration of the motion, summary judgment evidence, and applicable law, the court, for the reasons stated herein, **grants** Defendants' Motion for Final Summary Judgment and **dismisses** this action **with prejudice**.

## I.     Background

Plaintiff Steve Thomas ("Plaintiff" or "Thomas") originally filed this action against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association ("U.S. Bank") (collectively, "Defendants") on January 12, 2012, in the 116th Judicial District Court, Dallas County, Texas, asserting a claim to quiet title and seeking declaratory relief as to whether Defendants have the right to foreclose on Plaintiff's homestead property located at 310 E. Schreiber, Garland, Texas, 75040 ("Property").

**Memorandum Opinion and Order – Page 1**

On October 22, 2003, Thomas borrowed $104,000 from New Century Mortgage Corporation ("New Century") secured by a home equity lien on the Property. Thomas executed a Note ("Note") in the amount of $104,000 and a Texas Home Equity Security Instrument ("Security Instrument") that secured payment of the Note. The Note required Plaintiff to make monthly payments of $855.59 beginning December 1, 2003, and continuing until the Note was paid in full.

Thomas defaulted on March 1, 2009, when he stopped making payments under the Note. The Note provides that in the event of default or failure to perform, the Note holder may demand immediate payment of the unpaid balance then due. On May 24, 2011, Ocwen as loan servicer provided Thomas with written notice by first class mail of default and the intent to accelerate all amounts due under the Note. *See* Defs.' App. 1, 27, 35. On September 16, 2011, after Thomas failed to remedy the default and made no further payments, a law firm acting on behalf of Ocwen sent Thomas a letter by first class mail, indicating that the debt under the Note had been accelerated and warning that the mortgagee "will now seek a court order allowing [it] to foreclose the lien you granted on your homestead." Defs.' App. 31, 34. On September 29, 2011, U.S. Bank, as trustee under a Pooling and Servicing Agreement, acquired the lien on the Property via assignment from New Century. The unpaid principal balance on the Note is $96,795.93, and the amount required to pay off the Note in full as of October 9, 2012, is $158,119.02.

On November 15, 2012, Defendants filed their First Amended Counterclaim ("Counterclaim"), whereby they seek an order:

> to be included within the final judgment of this case, permitting [them] to sell the Property pursuant to the Texas Property Code § 51.002 *et seq*. and the Security Instrument, or *alternatively*, an order foreclosing the lien evidenced by the Security Instrument and ordering the sale of the subject property.

**Memorandum Opinion and Order – Page 2**

Defs.' Counterclaim 4-5.   Defendants also asserted a claim for attorney's fees and costs incurred in connection with their attempts to collect the amounts due under the Note as a result of Plaintiff's default; interest accrued and accruing through the date of judgment as provided under the Note and Security Instrument; and postjudgment interest at the maximum rate allowed by law on all such amounts from the date of judgment until paid.   Defendants moved for summary judgment on Plaintiff's claims and their counterclaim for an order permitting foreclosure.   On November 13, 2012, the court vacated the trial of this case and all pretrial deadlines pending resolution of Defendants' Motion for Summary Judgment.

## II.    Summary Judgment Standard - No Response

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).   A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.   *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).   Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.   *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the

existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Thomas did not file a response to Defendants' summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id*. Accordingly, the court accepts Defendants' facts and evidence as undisputed. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Thomas's pleadings are not verified and, therefore, he has presented no summary judgment evidence.

## III.   Discussion

### A.   Plaintiff's Quiet Title Claim and Request for Declaratory Judgment

With regard to his request for declaratory judgment, Plaintiff contends that Defendants lack authority to foreclose on the Property because: the Note was securitized;[1] the Note is non-negotiable or even if negotiable, it was not endorsed by the transferor; Defendants do not possess the original Note; and the Note became unsecured when it was split from the lien stated in the Security Instrument. In support of his quiet title claim, Plaintiff alleges merely that he "owns the Property . . . under deed duly executed, acknowledged and recorded, has possession of the [P]roperty, and has had possession and ownership for many years. It is his homestead." Pl.'s Pet. 5. Defendants

---

[1] "Securitization" refers to the "process of pooling loans and selling them to investors on the open market." *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011).

**Memorandum Opinion and Order – Page 5**

contend in their summary judgment motion that they have authority as the mortgage servicer and mortgagee to foreclose on the Property. Defendants also contend that they qualify as holders of the Note because it is in their possession. Defendants maintain that because they have authority to foreclose, Plaintiff's claim to quiet title fails. Defendants further assert that the theories relied on by Plaintiff to undermine Defendants' authority to foreclose have been rejected by courts sitting in Texas. The court agrees.

In a suit to quiet title, a plaintiff must establish "a right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.  Houston [1st Dist.] 2009, pet. denied). The plaintiff has the burden ultimately of establishing his "superior equity and right to relief." *Id.* at 532.

The Texas Property Code permits either a mortgagee or mortgage servicer to administer a deed of trust or contract lien foreclosure without production of the original note. *See Crear v. JP Morgan Chase Bank, N .A.*, No. 10  10875, 2011 WL 1129574, at *1, n.1 (5th Cir. Mar. 28, 2011) (unpublished, per curiam) (citing Tex. Prop. Code Ann. §§ 51.002 & 51.0025 (West 2007)). The Property Code defines "mortgagee" as "the grantee, beneficiary, owner, or holder of a security instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(A),(C).

In support of their summary judgment motion, Defendants submitted affidavit testimony and records evidencing: (1) the Note and Security Instrument; (2) Thomas's default under the Note; (3) Ocwen's status as  mortgage servicer of the loan; (4) the assignment from New Century to U.S. Bank; (5) U.S. Bank's status as mortgagee as a result of the assignment; and (6) Defendants' status

**Memorandum Opinion and Order – Page 6**

as holder of the Note because of its actual possession of the Note.  Based on this evidence, the court concludes that Plaintiff failed to perform his obligations under the Note, Defendants have authority as mortgage servicer and mortagee to foreclose on the Property, and Plaintiff has presented no evidence to establish a superior title in the Property. Because Thomas did not refute Defendants' evidence or facts, the court accepts Defendants' facts as undisputed.

Moreover, Plaintiff's "show-me-the-note," "split-the-note," and securitization theories and arguments are insufficient to undermine Defendants' authority as mortgagee and mortgage servicer to foreclose on the Property.  *See Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *4-7 (N.D. Tex. Nov. 28, 2012) (rejecting the plaintiffs' argument that a mortgagee or mortgage servicer cannot administer a deed of trust or contract lien foreclosure without production of the original note and concluding that the plaintiffs lacked standing to challenge foreclosure of the property based on securitization of the mortgage); (*Casterline v. OneWest Bank, F.S.B.*, No. CA C-12-150, 2012 WL 5465982, at *7 (S.D. Tex. Oct. 10, 2012) (collecting cases that have rejected the "split-the-note" theory).  Further, although not required to do so, Defendants submitted copies of the Security Instrument and Note.  The Note specifically states, "I understand that Lender [New Century] may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Defs.' App. 5, ¶ 1. Plaintiff's arguments regarding the securitization and transfer of the Note are therefore without merit. Accordingly, the court determines that there is no genuine dispute of material fact regarding Plaintiff's claims, and Defendants are entitled to judgment as a matter of law on Plaintiff's quiet title claim and request for declaratory judgment.

### B.     Defendants' Counterclaim for an Order Permitting Foreclosure by Public Sale or Judicial Foreclosure

Defendants contend that they are entitled to an order to be included in the final judgment permitting them to sell the Property pursuant to section 51.002 *et seq*. of the Texas Property Code. Alternatively, Defendants request that the court judicially foreclose the home equity Note pursuant to Texas Rule of Civil Procedure 735.  According to Defendants, a party is entitled to judicial foreclosure if the party demonstrates "that the note was a purchase money note, that some or part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which [the party] seeks to enforce the lien." Defs.' Mot. 11 (quoting *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.   El Paso 2011, no pet.).  Although the case cited by Defendants involves a foreclosure of a purchase money loan rather than a home equity lien, Defendants maintain that the same elements apply.  Defs.' Mot. 12.

Defendants correctly recognize that home equity loans in Texas must be foreclosed judicially. *See* Tex. Const., art. XVI, § 50(a)(6)(D); Tex. R. Civ. P. 735.  Texas Rule of Civil Procedure 735 provides that a party seeking to foreclose a lien created by a home equity loan may do so by using one of three methods: "(1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Tex. Prop. Code § 51.002; or (3) an application under Rule 736 for an order allowing foreclosure." *Id.*

Defendants seek an order pursuant to first and second of these methods.  Rule 735 does not provide any guidance as to what is required for an order under the first and second of these methods, and there is scant authority addressing this.  The court therefore considers, as guidance, the requirements for foreclosure applications set forth in Rule 736 in determining whether Defendants have met their burden on their counterclaim.

In support of their counterclaim, Defendants presented evidence establishing that a debt secured by the Property exists; that Thomas is obligated to pay the debt secured by the Property; that Thomas defaulted under the Security Instrument; and that Defendants provided Thomas with the requisite notice to cure the default and accelerate the maturity of the debt under the Security Instrument.  Defendants also produced a copy of the Security Instrument encumbering the Property that includes the mailing address and legal description of the Property, and they allege that the debt is secured by a lien created under section 50(a)(6), article XVI of the Texas Constitution for a home equity loan.  Defs.' Counterclaim 4.

Based on this evidence and for the reasons already discussed, the court concludes that the record establishes Defendants' entitlement to foreclose.  The court therefore determines that Defendants are entitled to an order permitting foreclosure of the Property under the Security Instrument and section 51.002 of the Texas Property Code.  Accordingly, the court will grant Defendants' summary judgment motion as to their counterclaim for such an order and deny as moot their request for an order of judicial foreclosure.

## IV.    Attorney's Fees

Defendants asserted a claim for attorney's fees and costs under the Note, Security Instrument, and section 38.001 of the Texas Civil Practice & Remedies Code.  Defendants contend in their Counterclaim that they are entitled to recover the attorney's fees and costs incurred in connection with their attempts at enforcing and collecting amounts due under the Note.  Defendants do not address the request for attorney's fees and costs in their summary judgment motion.  The court will therefore consider postjudgment Defendants' request for attorney's fees and costs under the Note, Security Instrument, and section 38.001 of the Texas Civil Practice & Remedies Code.

V.      **Conclusion**

For the reasons discussed herein, the court **grants** Defendants' Motion for Final Summary Judgment.  Specifically, Defendants' Motion for Final Summary Judgment as to Plaintiff's claims is **granted** because the court concludes that no genuine dispute of material fact exists and Defendants are therefore entitled to judgment as a matter of law.  Accordingly, the court **dismisses with prejudice** the action brought by Plaintiff.  The court will enter a judgment in favor of the Government as to both parties' claims by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The court further concludes that Defendants have satisfied their summary judgment burden on their counterclaim for an order permitting foreclosure of the Property by public sale or judicial foreclosure. Defendants' Motion for Final Summary Judgment on their counterclaim is therefore **granted** with regard to their request for an order permitting foreclosure of the Property by public sale pursuant to the Security Instrument and section 51.002 of the Texas Property Code and **denied as moot** with regard to their alternative request for an order of judicial foreclosure.

Accordingly, Defendants may proceed with the foreclosure by public sale of the Property located at 310 E. Schreiber, Garland, Texas, 75040, of which the legal description is: "Lot 18, Block 12 of Schreiber Estates No. 1, an Addition to the City of Garland, Dallas County, Texas, according to the Plat thereof recorded in Volume 81158, Page 808, Map Records, Dallas County, Texas,"[2] and said foreclosure **shall** proceed in accordance with the Security Instrument and section 51.002 of the Texas Property Code.  Defendants **shall** provide to Plaintiff and Plaintiff's counsel by certified mail a copy of this order, the corresponding judgment, and notice of the foreclosure sale.  Defendants may

---

[2] Pl.'s Pet. 2; Defs.' App. 12, ¶ P (Security Instrument).

**Memorandum Opinion and Order – Page 10**

communicate with Plaintiff and all third parties reasonably necessary to conduct the foreclosure sale.

Defendants **shall** file a certified copy of this opinion and order and corresponding judgment in the

real property records of the county where the property is located within **14 business days** of the entry

of this order.  Failure to timely record this opinion and order and corresponding judgment, however,

shall not affect the validity of any foreclosure.

Defendants also maintain that they are entitled to attorney's fees and costs incurred costs

incurred in connection with their attempts to collect the amounts due under the Note as a result of

Plaintiff's default, together with interest.  The court will consider Defendants' request for attorney's

fees and costs postjudgment pursuant to Federal Rule of Civil Procedure 54(d).[3]

**It is so ordered** this 3rd day of January, 2013.

Sam A. Lindsay
United States District Judge

---

[3] Defendants state in their Counterclaim that they are also entitled to "[i]nterest accrued and accruing through the date of judgment as provided under the Note and Security Instrument." Defs.' Counterclaim 5.  Because Defendants seek foreclosure of the Property rather than damages resulting from Plaintiff's default under the Note, an award of prejudgment interest is not appropriate.  Moreover, any award of attorney's fees can be made at the current hourly rate, which obviates the need to award prejudgment interest.

**Memorandum Opinion and Order – Page 11**